UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In Re:                                                              Hon. James W. Boyd

MICHAEL WAYNE SCOTT,                                Case No. 21-01079-jwb

    Debtor.                                                        Chapter 7

_____

**TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED EXEMPTIONS**

    Chapter 7 Trustee Scott A. Chernich ("Trustee") for his Objection to Debtor's Amended Exemptions, pursuant to Bankruptcy Rule 4003, states as follows:

    1.    On April 23, 2021, Debtor Michael Wayne Scott ("Debtor") filed for relief under Chapter 7 of the Bankruptcy Code.

    2.    The Trustee was appointed the Chapter 7 Trustee at the first meeting of creditors held on May 21, 2021.

    3.    On June 17, 2021, the Debtor amended Schedule A/B and C (DN 21) and listed among the assets of his estate an interest in a mass tort lawsuit regarding Roundup with a value of Unknown. The Debtor amended Schedule C (DN 21) and exempted $25,150.00 of the recovery pursuant to 11 U.S.C. § 522(d)(11)(D).

    4.    11 U.S.C. § 522(d)(11)(D) allows an exemption, not to exceed $25,150.00, in a payment "on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss . . . "

    5.    Therefore, to the extent that the amount awarded to Debtor is for pain and suffering or actual pecuniary loss, the Trustee requests that this Court disallow the claimed exemption under 11 U.S.C. § 522(d)(11)(D).

    6.    Further, in his Amended Schedule C filed on June 17, 2021, Debtor claims an exemption in his "right to receive proceeds from Roundup litigation" under 11 U.S.C. § 522(d)(11)(E) in the amount of $25,000.00.

7. Section 522(d)(11)(E) allows an exemption for a payment in compensation of loss of future earnings of the debtor "to the extent reasonably necessary for the support of the debtor …"

8. It is the Trustee's position that exempting the amount of $25,000.00 is not reasonably necessary since the nature and extent of the personal injury claim is unknown, as well as other factors, including but not limited to, the Debtor's age, present earnings, assets and potential income.

9. Therefore, the Trustee requests that this Court disallow the claimed exemption under 11 U.S.C. § 522(d)(11)(E).

10. For the above reasons, the Trustee requests that Debtor's amended exemptions be denied.

WHEREFORE, Chapter 7 Trustee, Scott A. Chernich, respectfully requests that this Honorable Court:

(a) deny the Debtor's amended exemptions regarding the Roundup litigation under 11 U.S.C. § 522(d)(11)(D) and 11 U.S.C. § 522(d)(11)(E);

(b) preserve the class action recovery as an asset of the bankruptcy estate; and

(c) grant the Trustee such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 30, 2021

By: /s/      Scott A. Chernich
Scott A. Chernich (P48893)
Chapter 7 Trustee
313 S. Washington Square
Lansing, MI 48933
(517) 371-8133; schernich@fosterswift.com

13333:94546:5580131-1